## JOSEPH C. FOS vs. NYLKA LAND CO.

### Syllabus.

1. Act 170 of 1898, Section 51, requires that service of notice of delinquency be made on the tax debtor in person or at his domicile or place of business; and consequently evidence that a friend of the tax debtor received the notice from the Tax Collector and subsequently delivered it to the tax debtor, by whom it was accepted, is neither proof of a valid service or of a waiver thereof; nor does it give rise to the inference or presumption that the friend was authorized by the tax debtor to receive service of the notice on his behalf.

2. No waiver, ratification or estoppel can arise from the valid exercise of a legal right.

Appeal from the Civil District Court, Parish of Orleans, Division "E," No. 104,350. Hon. G. H. Theard, Judge.

Beer & Robbert, for plaintiff and appellee.

Foster, Milling, Brian, Saal & Ducros, for defendant and appellants.

His Honor EMILE GODCHAUX rendered the opinion and decree of the Court, as follows:

Plaintiff seeks to annul a sale of his property, made in June, 1911, for City taxes, on the ground that prior to the sale he was not served with notice of delinquency, as required by Article 233 of the Constitution of 1898, and Act 170 of 1898, Section 51. There was judgment below annulling the sale; and the defendant, the purchaser at the tax sale, appeals.

The tax collector's written return upon the notice of delinquency, recites that on October 21st, 1910, at the tax collector's office, he served the notice on plaintiff Fos by delivering it to one Burgess. Confronted with

this return, which on its face does not import a legal service within the statute of 1898, which requires that it be served on the tax payer in person or be left at his place of residence or business, defendant attempts to establish the validity of the service by proving that Burgess, upon whom service was made, was in fact the agent duly authorized by plaintiff to receive service of notice on his behalf.

The question of Burgess' agency and authority is consequently the vital one in this case; and even if the evidence adduced by plaintif should be wholly disregarded and eliminated in determining this issue, as defendant requests us to do, we are of opinion that the facts as established by defendant's evidence alone fail to disclose that such agency or authority existed.

All that the tax collector's return shows is that the notice that should have been served on Fos was in fact served on Burgess, the only additional facts adduced by defendant's witnesses are that this identical notice, which on October 21st, 1910, that is, prior to the tax sale, was served on Burgess, who is a friend or acquaintance of Fos, was subsequently and more than a year after the sale found to be in the possession of the plaintiff Fos, the tax debtor..

Now, even if it could be legally inferred from these facts that Burgess delivered the notice to Fos, the tax debtor, prior to the sale, we are still clearly of the opinion that neither is a legal service within the statute disclosed, nor could the additional inference or presumption be drawn that Burgess was authorized to accept service of the notice on Fos' behalf.

In other words, since the statute requires service of the notice of delinquency on the tax debtor, evidence that a friend of the latter received the notice from the tax

collector and subsequently delivered it to the tax debtor by whom it was accepted, is neither proof of valid service nor a waiver thereof; nor does it give rise to the presumption or inference that the friend was authorized by the tax debtor to receive service of the notice on his behalf. The tax debtor had a right to ignore a notice thus informally served and no waiver, ratification or estoppel can be created by his valid exercise of a legal right.

Viewing the record from a standpoint most favorable to defendant, we must conclude that the tax sale is void for lack of legal service of notice of delinquency.

The judgment is accordingly affirmed.

Judgment affirmed.

Opinion and decree December 8, 1913.